STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

**May 20, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Jeffrey Formulak,**
**Defendant Below, Petitioner**

**vs)   No. 15-0643** (Jefferson County 14-C-411)

**Bank of Charles Town,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Jeffrey Formulak, pro se, appeals the June 16, 2015, order of the Circuit Court of Jefferson County which (1) awarded summary judgment to Respondent Bank of Charles Town in the amount of $20,208 plus post-judgment interest at 7% per year and court costs; and (2) dismissed petitioner's counterclaim. Respondent, by counsel Christopher R. Moore, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Until at least September of 2005, petitioner served as president of a non-profit corporation called Credicure, Inc. ("Credicure").[1] On June 15, 2004, Credicure and respondent entered into an agreement pursuant to which respondent extended to Credicure a line of credit with a maximum value of $40,000. Petitioner, as Credicure's president, signed the loan agreement on its behalf.

Also, on June 15, 2004, petitioner signed a separate personal guaranty pursuant to which he "absolutely and unconditionally guarantee[d] to [respondent] the full and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise" the debt incurred by Credicure under the loan agreement. In signing the guaranty, petitioner acknowledged that "no act

---

[1]In its June 16, 2015, order, the circuit court found that Credicure had its corporation status revoked by the West Virginia Secretary of State on May 26, 2006, and that, on that date, petitioner was still listed as Credicure's president.

1

or thing, except full payment and discharge of all indebtedness, shall in any way exonerate [petitioner] or modify, reduce, limit[,] or release [petitioner's] liability" and that his liability thereunder "shall not be affected or impaired by . . . any delay or lack of diligence in the enforcement of the [i]ndebtedness, or any failure to institute proceedings, file a claim, [or] give any required notices." Petitioner further agreed that "[respondent] shall not be required first to resort for payment of the [i]ndebtedness to [Credicure] or other persons or their properties, or first to enforce, realize upon[,] or exhaust any collateral security for [i]ndebtedness, before enforcing this [g]uaranty." The guaranty gave petitioner a right to revoke his guarantee of the loan to Credicure, but provided that a revocation had to be in writing and "shall not be effective as to [i]ndebtedness existing or committed for at the time of actual receipt of" the revocation by respondent. The guaranty further provided that if revocation occurred, respondent "shall have the right to declare immediately due and payable . . . the full amount of all [i]ndebtedness, whether due and payable or unmatured."

In 2005, Credicure defaulted on its obligation to repay the monies lent to it by respondent and, thereafter, ceased operations. According to petitioner, he disassociated himself from Credicure in September of 2005 prior to the cessation of Credicure's operations and the default on its loan obligation. However, in March of 2006, petitioner authorized respondent to liquidate a certificate of deposit held in Credicure's name in partial satisfaction of Credicure's debt. The remaining debt came to $14,827.13 plus $5,380.87 in interest for a total amount of $20,208. Respondent filed its first action against petitioner and Credicure for the remaining debt in No. 07-C-392. On September 15, 2008, the circuit court granted respondent's motion to dismiss No. 07-C-392 without prejudice.[2]

Respondent instituted the instant action against petitioner and Credicure on November 25, 2014, seeking payment of the remaining debt.[3] Petitioner filed his answer on December 26, 2014. On April 15, 2015, petitioner filed a counterclaim for breach of contract. Subsequently, respondent filed a motion to dismiss petitioner's counterclaim, on May 1, 2015, and filed a motion for summary judgment, on May 27, 2015, with regard to its claim that petitioner owed it $20,208 as guarantor of Credicure's loan. The circuit court held a hearing on respondent's motion on June 8, 2015.[4]

---

[2]We take judicial notice of the docket sheet, the September 15, 2008, order of dismissal, and the answer filed by petitioner on April 13, 2010 in No. 07-C-392. According to the docket sheet, neither petitioner nor Credicure were served with respondent's complaint prior to respondent's motion to dismiss No. 07-C-392 without prejudice. Petitioner was aware of No. 07-C-392 given that petitioner subsequently filed an answer in that case. However, because No. 07-C-392 had previously been dismissed, the circuit court took no further action in the case.

[3]Respondent filed the instant action within the applicable ten-year statute of limitations set forth in West Virginia Code § 55-2-6.

[4]We have reviewed the transcript of the June 8, 2015, hearing.

Following that hearing, the circuit court entered an order on June 16, 2015. The circuit court awarded summary judgment to respondent in the amount of $20,208 plus post-judgment interest at 7% per year and court costs. The circuit court noted that petitioner defended against respondent's action by contending that respondent failed to give him adequate notice of Credicure's default to permit him to invoke his right pursuant to West Virginia Code § 45-1-1 to demand that a creditor institute proceedings against the debtor for payment. The circuit court determined that petitioner's defense failed as a matter of law for three reasons. First, the circuit court found that the defense was precluded by the language of the guaranty signed by petitioner, which provided that petitioner's liability to pay Credicure's debt "shall not be affected or impaired by . . . any failure to . . . give any required notices." Second, the circuit court found that petitioner had no cause to invoke West Virginia Code § 45-1-1 because respondent instituted proceedings against Credicure to collect the debt owed by it both in the instant case and in No. 07-C-392. Finally, even assuming, arguendo, that respondent was required to give petitioner notice of Credicure's default, the circuit court found that petitioner had actual knowledge of the default because petitioner "acknowledges that he spoke with a representative of [respondent] on behalf of Credicure in March [of] 2006." Moreover, the circuit court found that "[petitioner] also acknowledges that the debt upon which [respondent]'s claim is based pre-dates" an alleged revocation of the guaranty by petitioner in September of 2005. Accordingly, the circuit court concluded that petitioner was liable for that debt pursuant to the provisions of his guaranty.

In addition to awarding summary judgment to respondent, the circuit court also granted the motion to dismiss petitioner's counterclaim because it constituted a compulsory counterclaim that was not raised in petitioner's answer in violation of Rule 13(a) of the West Virginia Rules of Civil Procedure.[5] The circuit court explained that both petitioner's counterclaim and the complaint by respondent arose out of the same transaction or occurrence because respondent's complaint was based on its loan to Credicure, "the repayment of which was guaranteed by [petitioner], and [petitioner's] counterclaim arises out of [respondent]'s attempts" to be repaid that loan. Petitioner now appeals the circuit court's June 16, 2015, final judgment order.[6]

<u>The circuit court did not err in awarding summary judgment to respondent.</u>

In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), we held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Pursuant to Rule 56(c) of the Rules of Civil Procedure, summary judgment shall be granted provided that "there is no

---

[5]Respondent also argued that petitioner's counterclaim be dismissed for a failure to state a claim for which relief can be granted. However, having found that the circuit court correctly ruled that Rule 13(a) barred petitioner's counterclaim, *see infra*, we do not address respondent's other argument for dismissal.

[6]While Credicure was also sued, no dispute existed with regard to its inability to pay its debt and the circuit court retired this action from its active docket in its June 16, 2015, final judgment order.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" Syl. Pt. 4, in part, *Painter*, 192 W.Va. at 190, 451 S.E.2d at 756. Furthermore, "[i]f language in a contract is found to be plain and unambiguous, such language should be applied according to such meaning." *See Fraternal Order of Police, Lodge No. 69 v. City of Fairmont*, 196 W.Va. 97, 101, 468 S.E.2d 712, 716 (1996).

Petitioner contends that genuine issues of material fact existed that prevented summary judgment from being properly awarded. However, the circuit court found that petitioner admitted that the debt upon which respondent's claim is based predates his alleged revocation of his guaranty and that "he spoke with a representative of [respondent]" in March of 2006 at which time petitioner authorized the liquidation of Credicure's certificate of deposit. We likewise find that petitioner made those admissions based upon our own review of the record. On the basis of the first admission, it is clear that even if petitioner revoked his guaranty in September of 2005,[7] petitioner still had an obligation to pay Credicure's debt because, under the plain and unambiguous language of petitioner's guaranty, any revocation "shall not be effective as to [i]ndebtedness existing or committed for at the time of actual receipt of" the revocation by respondent.

On the basis of petitioner's second admission, the circuit court found that petitioner had actual knowledge of Credicure's default and did not need notice of the same. The circuit court further found that under the plain and unambiguous language of the guaranty signed by petitioner, petitioner's liability to pay Credicure's debt "shall not be affected or impaired by . . . any failure to . . . give any required notices." The circuit court also determined that petitioner did need to be notified of his right pursuant to West Virginia Code § 45-1-1 to demand that the debtor be sued because respondent instituted proceedings against Credicure both in the instant case and in No. 07-C-392. We concur in these determinations and find that no rational trier of fact would find for petitioner. Therefore, we conclude that the circuit court did not err in awarding summary judgment to respondent in the amount of $20,208 plus post-judgment interest at 7% per year and court costs.[8]

---

[7]When reviewing the circuit court's summary judgment order, we construe the evidence in the light most favorable to the nonmoving party. *See Painter*, 192 W.Va. at 192, 451 S.E.2d at 758.

[8]Petitioner notes that the parties agreed that the West Virginia Consumer Credit and Protection Act, West Virginia Code §§ 46A-1-101 to 46A-8-102 ("WVCCPA"), applied to the loan agreement between respondent and Credicure and asserts that the circuit court failed to address his argument that the WVCCPA's notice requirements applied to this case. However, according to the transcript of the June 8, 2015, hearing, petitioner mentioned the WVCCPA only in connection to his argument that he should have received notice of his right pursuant to West Virginia Code § 45-1-1 to demand that Credicure be sued, which the circuit court did address. On appeal, the only provision of the WVCCPA petitioner specifically cites to is West Virginia Code § 46A-6-104 which provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." While that may be true, petitioner fails to explain how and in what manner the WVCCPA's notice requirements apply to this case in which the guaranty signed by petitioner contains no provision that the (continued . . .)

4

<u>The circuit court did not err in dismissing petitioner's counterclaim.</u>

Petitioner challenges the circuit court's dismissal of his counterclaim for breach of contract and asserts that he is entitled to damages from respondent. We review the circuit court's order granting respondent's motion to dismiss *de novo*. Syl. Pt. 2*, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Rule 13(a) of the Rules of Civil Procedure provides, in pertinent part, that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" In the instant case, petitioner filed his answer on December 26, 2014, but did not assert his counterclaim until April 15, 2015. The circuit court ruled that Rule 13(a) barred petitioner's counterclaim because both it and the complaint by respondent arose out of the same transaction or occurrence. Respondent asserts that the circuit court's ruling was correct. We agree. At the June 8, 2015, hearing, petitioner admitted that his counterclaim covered "the same material" and pertained to "the same information" as the complaint. Therefore, we conclude that the circuit court did not err in dismissing petitioner's counterclaim.

For the foregoing reasons, we affirm the circuit court's June 16, 2015, final judgment order (1) awarding summary judgment to respondent in the amount of $20,208 plus post-judgment interest at 7% per year and court costs; and (2) dismissing petitioner's counterclaim.

Affirmed.

**ISSUED: May 20, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

WVCCPA applies to it and plainly and unambiguously provides that petitioner's liability to pay Credicure's debt "shall not be affected or impaired by . . . any failure to . . . give any required notices." We conclude that petitioner presents on appeal nothing more than a skeletal argument which we decline to address. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs."); *accord State v. Honaker*, 193 W.Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994).